**Terance P. Perry, Esq.**
DATSOPOULOS, MacDONALD & LIND, P.C.
201 West Main Street, Suite 201
Missoula, Montana 59802
Telephone: (406) 728-0810
Facsimile: (406) 543-0134
E-Mail: tperry@dmllaw.com
ebeebe@dmllaw.com

*Attorney for Plaintiff*

**Issued**

## MONTANA THIRTEENTH JUDICIAL DISTRICT COURT
## YELLOWSTONE COUNTY

| | |
|---|---|
| KENNETH BLOCH,<br><br>    Plaintiff,<br><br>v.<br><br>TRAVIS ATKINS; and<br>ACCELERATED SERVICES, LLC<br><br>    Defendants. | Case No. DV-56-2022-0000481-PI<br>Dept. No. 2<br><br><br><br>**SUMMONS** |

**THE STATE OF MONTANA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANT, ACCELERATED SERVICES, LLC:**

Thomas D. Montgomery
Accelerated Services, LLC
19201 E. Lincoln Ave
Parker, CO 80138

YOU ARE HEREBY SUMMONED to answer the Complaint in this action, which is filed in the office of the Clerk of this Court, a copy of which is herewith served upon you, and to file your answer and serve a copy thereof upon the Plaintiff's attorney, Terance P. Perry, of Datsopoulos, MacDonald & Lind, P.C., 201 West Main, Suite 201, Missoula, Montana, within twenty-one (21) days after the service of this Summons, exclusive of the day of service; and in case of your failure

Exhibit 1 - 1

to appear or answer, judgment will be taken against you by default, for the relief demanded in the Complaint.

GIVEN under my hand this 19th day of May, 2022.

BY: _____
CLERK OF THE COURT

Exhibit 1 - 2

FILED
05/19/2022
Terry Halpin
CLERK
Yellowstone County District Court
STATE OF MONTANA
By: Pamela Owens
DV-56-2022-0000481-PI
Harris, Donald
1.00

Terance P. Perry, Esq.
DATSOPOULOS, MacDONALD & LIND, P.C.
201 West Main Street, Suite 201
Missoula, Montana 59802
Telephone: (406) 728-0810
Facsimile: (406) 543-0134
E-Mail: tperry@dmllaw.com
    ebeebe@dmllaw.com

*Attorney for Plaintiff*

## MONTANA THIRTEENTH JUDICIAL DISTRICT COURT
## YELLOWSTONE COUNTY

| | |
|---|---|
| KENNETH BLOCH,<br><br>Plaintiff,<br><br>v.<br><br>TRAVIS ATKINS; and<br>ACCELERATED SERVICES, LLC<br><br>Defendants. | Case No. DV-56-2022-0000481-PI<br>Dept. No. Donald Harris<br><br>**COMPLAINT AND JURY CLAIM** |

### FACTS COMMON TO ALL COUNTS

1. Plaintiff, Kenneth Bloch ("Ken"), is a resident of Brevard County, Florida.

2. At all times relevant, Defendant, Travis Atkins ("Atkins"), was a resident of Elbert County, Colorado.

Complaint and Jury Claim                    1

Exhibit 1 - 3

3. At all times relevant, Accelerated Services, LLC ("ASL") was a duly existing Colorado limited liability company with a principal place of business located at 19201 E. Lincoln Ave, Parker, Douglas County, Colorado 80138.

4. At all times relevant ASL employed Defendant, Atkins.

5. On March 12, 2021, at approximately 3:41 p.m., Ken was operating a motor vehicle in an easterly direction on King Avenue West in Billings, Yellowstone County, Montana in the south most lane and was approaching the roundabout at the intersection with Shiloh Road ("intersection").

6. On March 12, 2021, at approximately 3:41 p.m., Atkins was operating a tractor trailer truck immediately behind Ken on King Avenue West.

7. As Ken approached the roundabout, he slowed his vehicle down at the intersection to enter the roundabout and Atkins struck Ken's vehicle from behind at a high rate of speed.

8. Due to the severe impact Ken's vehicle sustained, he suffered blunt trauma to the back of his head from its violent impact with the head rest of the driver's seat in his vehicle and Ken briefly lost consciousness. When Ken regained consciousness, he observed that Atkins was in the process of fleeing the scene in his tractor trailer and Ken pursued the Atkins vehicle until it finally came to a stop some distance from the roundabout.

9. Law enforcement subsequently arrived at the site of the collision and Atkins was cited for having violated § 61-8-329(1), M.C.A., following too closely behind Ken's vehicle.

10. At all times relevant, Atkins was acting within the course and scope of his employment by ASL in the operation of the tractor trailer and in furtherance of employment related objectives of his employer, ASL.

11. As a direct and proximate consequence of Atkins' failure to have exercised due care and caution in the operation of his motor vehicle on March 12, 2021, Plaintiff sustained serious injuries and damages.

12. As a direct and proximate result of Atkins' negligent acts and omissions, Ken has been precluded from participating in normal life activities, to the extent he was able to before his injuries.

### COUNT I: NEGLIGENCE – PERSONAL INJURY
### (Plaintiff, Kenneth Bloch v. Defendant, Travis Atkins)

13. Comes now the Plaintiff, Kenneth Bloch, and realleges and reaffirms all allegations contained in paragraphs one (1) through twelve (12) above as if fully set forth herein.

14. Atkins, as the operator of a motor vehicle on a public roadway, owed a duty to all other drivers and pedestrians at the intersection to operate his vehicle in a reasonable and safe manner, and to act reasonably under the circumstances.

15. Atkins owed Ken a duty to act with such a degree of skill, care, caution and prudence as was reasonable and necessary under the circumstances.

16. At all times relevant Atkins knew or should have known that Ken would need to decrease his vehicle's speed and yield to any other motor vehicles in the roundabout as he approached the intersection.

17. At all times relevant Atkins knew or should have known that following at such a close distance behind Ken's motor vehicle would leave inadequate stopping distance to decrease his vehicle's speed as Ken approached the intersection.

18. Atkins owed a duty to all other drivers and pedestrians to exercise ordinary care and caution in the operation of his motor vehicle and to avoid injuring others by his careless acts and omissions.

19. On March 12, 2021 Atkins failed to operate his motor vehicle with due care and caution, he operated a motor vehicle in an inattentive manner, and failed to exercise due regard for other drivers and the safety of the public.

20. At all times relevant Ken was in the exercise of due care and caution when approaching the intersection when he was struck.

21. At and prior to the time of the collision, Atkins operated his motor vehicle in such a manner as to violate the rules of the road, and statutory and common law authority including, but not limited to, § 61-8-329, M.C.A., thereby proximately causing serious physical and other injury to Plaintiff.

22. Atkins owed a duty to Ken to operate his motor vehicle in a reasonably safe and prudent manner, a duty which he breached and which breach proximately caused bodily and other injury to Plaintiff.

23. Atkins breached the duty of reasonable care that he owed to Ken by failing to allow for a safe following distance when approaching the roundabout.

24. Atkins' negligent acts and omissions included, but were not limited to, the following:

   a. Failing to exercise due and adequate care under the circumstances;

   b. Following Ken's vehicle more closely than was reasonable and prudent, having due regard for the speed of vehicles and the traffic upon and condition of the roadway; and

   c. Failing to operate his motor vehicle in a reasonable and prudent manner and with due regard for the right, safety and position of other drivers and pedestrians, including Ken.

25. Atkins breached his duty to operate his motor vehicle in a reasonably safe and prudent manner which breach proximately caused him to strike Ken's vehicle.

26. As a direct and proximate result of Atkins' negligent acts and omissions, Ken has been precluded from participating in normal life activities, to the extent he was able to before his injuries.

27. As a direct and proximate consequence of the aforesaid negligent acts and omissions on the part of Atkins, Ken has sustained severe and permanent injuries to his mind and body and has suffered and will continue to suffer in

Complaint and Jury Claim                         5

Exhibit 1 - 7

the future from physical pain and mental and emotional anguish and has been compelled to employ and will in the future be compelled to employ the services of doctors, medical personnel and facilities to care for and treat him and has incurred and will incur in the future medical and other direct and consequential damages and expenses, all to his great detriment.

WHEREFORE, Plaintiff, Kenneth Bloch, demands judgment against Defendant, Travis Atkins, for:

a. General damages, including, but not limited to, damages for pain and suffering, and loss of an established course of life, in an amount to be determined at trial;

b. All past and future medical expenses;

c. Past and future emotional distress and mental anguish;

d. Plaintiff's out-of-pocket expenses;

e. Interest;

f. Costs;

g. Expenses;

h. Attorney's fees as allowed by law; and

i. For such other and further relief as this Honorable Court deems meet and just.

### COUNT II: NEGLIGENCE PER SE
### (Plaintiff, Kenneth Bloch v. Defendant, Travis Atkins)

28. Comes now the Plaintiff, Kenneth Bloch, and realleges and reaffirms all allegations contained in paragraphs one (1) through twenty-seven (27) above as if fully set forth herein.

29. § 61-8-329, M.C.A. is a safety statute designed to protect drivers in Montana from the negligent conduct of other drivers following their vehicle too closely and to prevent the type of collision that occurred and the injuries that have been suffered by Ken.

30. Pursuant to § 61-8-329(1), M.C.A.:

    (1) The driver of a motor vehicle may not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic upon and the condition of the roadway.

31. In accordance with § 61-8-329(1), M.C.A. at all times relevant Atkins was required to follow Ken's vehicle at an appropriate distance so as to allow Ken to slow down and to safely yield to other vehicles before entering the roundabout.

32. On March 12, 2021, Atkins was negligent *per se* in that:

    a. He failed to follow Ken at a reasonable and prudent distance as Ken slowed to approach the roundabout;

    b. Atkins violated § 61-8-329, M.C.A., which is a safety statute;

    c.    § 61-8-329, M.C.A. was enacted to protect a specific class of persons;

    d.    Ken is a member of that class of persons (i.e., operator of a motor vehicle being followed by another motor vehicle);

    e.    Ken's injuries are injuries which § 61-8-329, M.C.A. was enacted to prevent; and

    f.    § 61-8-329, M.C.A. was intended to regulate the class of persons of which Atkins was a member.

33. Atkins failed to comply with § 61-8-329, M.C.A., and was, consequently, negligent as a matter of law.

34. Atkins' violation of § 61-8-329, M.C.A. proximately caused serious physical and other injuries to Ken on March 12, 2021.

35. At all times relevant, Atkins knew or should have known the risks of following too closely behind a motor vehicle approaching a roundabout but failed to allow for appropriate following distance in order to compensate for such conditions.

36. At all times relevant, Atkins owed a duty to Ken to act with such a degree of care and prudence as was necessary under the circumstances, which duty he breached.

37. As a direct, immediate and proximate consequence of Atkins' negligent acts and omissions, Ken sustained serious injuries.

38. As a direct, immediate and proximate consequence of Atkins' negligent acts and omissions and violation of § 61-8-329, M.C.A. Plaintiff has endured physical and mental pain and suffering and severe emotional anguish and distress, all to his great damage.

39. As a direct, immediate and proximate consequence of Atkins' negligent acts and omissions and violation of § 61-8-329, M.C.A., Ken has sustained severe and permanent injuries to his body, mind, and property and in addition has suffered and will in the future suffer from severe physical and emotional anguish and distress and was compelled to employ and will in the future be compelled to employ the services of doctors, medical personnel and facilities to care for and treat him and has incurred and will incur in the future substantial medical and other direct and consequential damages all to his great damage.

40. As a direct and proximate result of Atkins' negligent acts and omissions, Plaintiff has been precluded from participating in normal life activities, to the extent he was able to before his injuries.

WHEREFORE, Plaintiff, Kenneth Bloch, demands judgment against Defendant, Travis Atkins, for:

   a. General damages, including, but not limited to, damages for pain and suffering, and loss of an established course of life, in an amount to be determined at trial;

   b. All past and future medical expenses;

    c. Past and future emotional distress and mental anguish;

    d. Plaintiff's out-of-pocket expenses;

    e. Interest;

    f. Costs;

    g. Expenses;

    h. Attorney's fees as allowed by law; and

    i. For such other and further relief as this Honorable Court deems meet and just.

### COUNT III: NEGLIGENCE (VICARIOUS LIABILITY)
### (Plaintiff, Kenneth Bloch v. Defendant, Accelerated Services, LLC)

41. Comes now the Plaintiff and realleges and reaffirms all allegations contained in paragraphs one (1) through forty (40) above as if fully set forth herein.

42. At all times relevant hereto, Atkins was acting within the course and scope of his employment by ASL, and the acts complained of herein were so closely connected with what he was employed to do by ASL and so fairly and reasonably incidental to it, that they are properly considered methods of carrying out his employment by ASL.

43. At all times relevant hereto, Atkins was operating a motor vehicle owned, registered and insured by ASL.

44. In allowing Atkins to operate a motor vehicle owned by ASL, which set in motion the series of events that proximately caused severe and permanent

Complaint and Jury Claim                10

Exhibit 1 - 12

injury to Ken, Atkins was engaged in ASL's business, he reasonably appeared to be so engaged, he was acting under the direction, supervision and control of ASL, and in furtherance of its interests, he was acting within the course and scope of his employment by ASL, he was then paid by ASL, and he represented himself to the general public and to Ken as being an employee of ASL.

45. At all times relevant, Atkins had a duty to act as a reasonably prudent person in operating a motor vehicle that was owned, registered and insured by ASL, and, specifically, a duty which he breached when he failed to follow at a safe distance as required by § 61-8-329, M.C.A. and collided with the rear of Ken's vehicle.

46. In having failed to follow at a safe distance, Atkins breached a duty of care that he owed to all foreseeable members of the public, including Ken, a breach which proximately resulted in Ken sustaining severe and permanent injuries and damages.

47. But for Atkins' negligent acts and omissions in having failed to obey Montana traffic laws and striking Ken's vehicle while Ken was decreasing his speed as he approached the roundabout, Ken would not have suffered the severe and permanent injuries that he did on March 12, 2021.

48. At all times relevant on March 12, 2021, it was foreseeable to Atkins that

failing to follow at a safe distance while behind a motor vehicle that was approaching a roundabout could result in a collision with that vehicle.

49. At all times relevant, Atkins had a duty to use that level of ordinary care while acting on behalf of ASL so as to not injure others, to avoid injury to others by any agency set in operation by him and to do his work within the scope of his employment and to avoid such injuries, duties which he breached and which breaches proximately caused severe and permanent injury to Ken.

50. While acting within the course and scope of his employment by ASL, in furtherance of employment related objectives and while operating ASL's vehicle, Atkins engaged in the aforementioned negligent acts and omissions which proximately caused severe and permanent injuries to Ken for which ASL is vicariously liable.

WHEREFORE, Plaintiff, Kenneth Bloch, demands judgment against Defendant, Accelerated Services, LLC, for:

 a. General damages, including, but not limited to, damages for pain and suffering, and loss of an established course of life, in an amount to be determined at trial;

 b. All past and future medical expenses;

 c. Past and future mental anguish and emotional distress;

 d. Plaintiff's out-of-pocket expenses;

 e. Interest;

f. Costs;

g. Expenses;

h. Attorneys' fees as allowed by law; and

i. For such other and further relief as this Honorable Court deems meet and just.

## JURY CLAIM

Plaintiff, Kenneth Bloch, demands a trial by jury on all issues so triable.

DATED this 19th day of May, 2022.

DATSOPOULOS, MacDONALD & LIND, P.C.

By: _____
Terance P. Perry, Esq.